UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA FOSTER,

                      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

                      Defendant.

                                                    /

Case. No. 16-13306

District Judge George Caram Steeh
Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Plaintiff Donna Foster ("Plaintiff"), proceeding *pro se*, filed suit on September 8, 2016, seeking an award of Social Security disability benefits. The case has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the case be dismissed on the basis that Plaintiff has failed to exhaust her administrative remedies under 42 U.S.C. § 405(g).

**I.   PROCEDURAL HISTORY**

Following the administrative denial of applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 10, 2012, Plaintiff filed suit in this Court. *Case No. 12-11368.* On March 27, 2013, the Honorable Lawrence P. Zatkoff adopted the undersigned's recommendation to remand the case for further fact-

finding on the basis that the medical transcript did not contain all of the psychological treating records and that the VE's job findings did not reflect Plaintiff's full degree of psychological limitation. *Id., Docket #14-15*. Following a rehearing on May 2, 2014 at the administrative level, an Administrative Law Judge found that Plaintiff was not disabled. On February 26, 2015, the Appeals Council declined to review the denial of benefits and on April 14, 2015, Plaintiff again filed suit in this Court. *Case No. 15-11368*. On August 10, 2016, the Honorable Matthew L. Leitman, adopting my Report and Recommendation, granted judgment in favor of Defendant Commissioner of Social Security. *Id., Docket 23-25*. On August 23, 2016, the District Court denied Plaintiff's motion for reconsideration. *Id., Docket #27*.

On September 8, 2016, approximately two weeks after her motion for reconsideration was denied, Plaintiff filed the present suit, alleging ongoing disability. On September 21, 2016, this Court filed a notice of deficiency, requiring Plaintiff by October 12, 2016 to provide a copy of the Commissioner's final decision and a copy of the notice informing that her appeal was denied by the Social Security Appeals Council. *Docket #9*.

After receiving no response, on October 18, 2016, this Court issued an order requiring Plaintiff to show cause by November 8, 2016 why the case should not be dismissed for her failure to comply the previous order. *Docket #11*. On the same day, the Court received Plaintiff's application to proceed without prepaying fees or costs. *Docket #12*. On October 25, 2016, the Court received Plaintiff's letter, stating that she experienced disabling

emotional limitations and enclosing a copy of Judge Leitman's order granting summary judgment in the previous case. *Docket #14*; *Case No. 15-11368, Docket #24*. Neither the application to proceed without prepayment nor the letter provide any documentation to show that in the present case, judicial review under § 405(g) is proper.

Under § 405(g)**,** "three conditions must be satisfied to obtain judicial review: (1) a final decision of the Secretary after a hearing; (2) commencement of a civil action within sixty days after the mailing of notice of such decision, or within such additional time as the Secretary may permit;" and "(3) filing of the action in the appropriate district court." *Willis v. Sullivan*, 931 F.2d 390, 396 (6th Cir. 1991). "A claim becomes final after the Appeals Council renders its decision." *Id.* at 397. Plaintiff's failure to show that she received "a final decision" before filing suit prevents the Court from considering her claim. *Id.* As noted in the previous notice of deficiency, "[w]ithout this information, the Court cannot determine whether Ms. Foster completed her administrative remedies, or whether her complaint was filed within 60 days of the date she received notice of the Commissioner's final decision, as required by law." *Docket #9*.

As such, I recommend that the Complaint be dismissed. If Plaintiff believes that she is currently disabled, her remedy is to reapply for benefits at the administrative level.

## CONCLUSION

For these reasons, I recommend that the case be DISMISSED.

Any objections to this Report and Recommendation must be filed within 14 days of

service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis, supra*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local,* 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                          s/R. Steven Whalen
                                          R. STEVEN WHALEN
                                          UNITED STATES MAGISTRATE JUDGE

Dated: April 28, 2017

## CERTIFICATE OF SERVICE

  I hereby certify on April 28, 2017, that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to non-registered ECF participants.

            s/Carolyn Ciesla
            Case Manager to
            Magistrate Judge R. Steven Whalen